**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MANUEL GUADIAN** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **3:24-CV-00074-DCG** |
| | § | |
| **PHILIP SELLERS P.C., and** | § | |
| **UPSIDE LEGAL, LLC,** | § | |
| **Defendants** | § | |

**DEFENDNAT UPSIDE LEGAL, LLC'S**
**ORIGINAL ANSWER TO**
**PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Upside Legal, LLC files this Original Answer to Plaintiff Manuel Guadian's Original Complaint.

## PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1 of Plaintiff's Original Complaint.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Original Complaint.

4. Paragraph 4 of Plaintiff's Original Complaint does not contain allegations of fact which require a response.

## JURISDICTION AND VENUE

5. Defendant admits the allegations in paragraph 5 of Plaintiff's Original Complaint regarding subject matter jurisdiction, but denies plaintiff is entitled to relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Defendant admits the allegations in paragraph 6 of Plaintiff's Original Complaint regarding supplemental subject matter jurisdiction, but denies plaintiff is entitled to relief under TEX.BUS.&COMM.CODE §305.053.

7. Defendant admits the allegations in paragraph 7 of Plaintiff's Original Complaint regarding the Court's personal jurisdiction over Defendants, but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8 of Plaintiff's Original Complaint regarding where Defendant conducts business, but denies the remaining allegations in paragraph.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 9 of Plaintiff's Original Complaint.

10. Paragraph 10 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

11. Paragraph 11 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

12. Paragraph 12 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

13. Paragraph 13 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

14. Paragraph 14 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

15. Paragraph 15 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

16. Paragraph 16 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

17. Paragraph 17 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

18. Paragraph 18 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

19. Paragraph 19 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

20. Paragraph 20 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

## FACTUAL ALLEGATIONS

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 21 of Plaintiff's Original Complaint.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 22 of Plaintiff's Original Complaint.

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 23 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 25 of Plaintiff's Original Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Paragraph 27 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Original Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Original Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Original Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Original Complaint.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's Original Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Original Complaint.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Original Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Original Complaint.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's Original Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Original Complaint.

39. Defendant admits the allegations in paragraph 39 of Plaintiff's Original Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Original Complaint.

41. Defendant admits it knew the requirements for making telemarketing calls but denies the remaining allegations in paragraph 41 of Plaintiff's Original Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Original Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Original Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Original Complaint.

45. Defendant denies the allegations in paragraph 45 of Plaintiff's Original Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Original Complaint.

47. Defendant denies the allegations in paragraph 47 of Plaintiff's Original Complaint.

48. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 48 of Plaintiff's Original Complaint.

49. Defendant admits Plaintiff sent the email to Philip Sellers as alleged in paragraph 49 of Plaintiff's Original Complaint but denies Plaintiff received unauthorized telemarketing calls from Defendant on behalf of Defendant Sellers.

50. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 50 of Plaintiff's Original Complaint.

51. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 51 of Plaintiff's Original Complaint.

52. Defendant denies the allegations in paragraph 52 of Plaintiff's Original Complaint.

53. Defendant denies the allegations in paragraph 53 of Plaintiff's Original Complaint.

54. Defendant denies the allegations in paragraph 54 of Plaintiff's Original Complaint.

55. Defendant denies the allegations in paragraph 55 of Plaintiff's Original Complaint.

56. Defendant denies the allegations in paragraph 56 of Plaintiff's Original Complaint.

57. Defendant denies the allegations in paragraph 57 of Plaintiff's Original Complaint.

58. Paragraph 58 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

59. Paragraph 59 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

60. Defendant denies the allegations in paragraph 60 of Plaintiff's Original Complaint.

61. Defendant denies the allegations in paragraph 61 of Plaintiff's Original Complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiff's Original Complaint.

## VICARIOUS LIABILITY OF DEFENDANT SELLERS

63. Paragraph 63 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

64. Paragraph 64 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

65. Paragraph 65 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

66. Paragraph 66 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

67. Paragraph 67 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

68. Paragraph 68 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

69. Paragraph 69 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

70. Paragraph 70 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

71. Paragraph 71 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

72. Paragraph 72 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

73. Defendant denies the allegations in paragraph 73 of Plaintiff's Original Complaint.

74. Defendant denies the allegations in paragraph 74 of Plaintiff's Original Complaint.

75. Paragraph 75 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

76. Defendant denies the allegations in paragraph 76 of Plaintiff's Original Complaint.

77. Defendant denies the allegations in paragraph 77 of Plaintiff's Original Complaint.

78. Defendant denies the allegations in paragraph 78 of Plaintiff's Original Complaint.

79. Defendant denies the allegations in paragraph 79 of Plaintiff's Original Complaint.

80. Defendant denies the allegations in paragraph 80 of Plaintiff's Original Complaint.

81. Paragraph 81 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

82. Paragraph 82 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

83. Paragraph 83 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

84. Defendant denies the allegations in paragraph 84 of Plaintiff's Original Complaint.

85. Paragraph 85 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

86. Defendant denies the allegations in paragraph 86 of Plaintiff's Original Complaint.

**TEXAS BUBINESS & COMMERCE CODE § 302.101**

87. Defendant denies the allegations in paragraph 87 of Plaintiff's Original Complaint.

88. Paragraph 88 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

**VIOLATIONS OF THE TEXAS BUBINESS & COMMERCE CODE § 302.101**

89. Defendant denies the allegations in paragraph 89 of Plaintiff's Original Complaint.

90. Paragraph 90 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

91. Paragraph 91 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

92. Paragraph 92 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

93. Paragraph 93 of Plaintiff's Original Complaint contains only legal conclusions which do not require a response.

94. Defendant denies the allegations in paragraph 94 of Plaintiff's Original Complaint.

95. Defendant denies the allegations in paragraph 95 of Plaintiff's Original Complaint.

96. Defendant denies the allegations in paragraph 96 of Plaintiff's Original Complaint.

97. Defendant denies the allegations in paragraph 97 of Plaintiff's Original Complaint.

**COUNT ONE:**
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227©, and 47 C.F.R. § 64.1200(C))**
**(All Defendants)**

98. Defendant accordingly admits and denies each allegation as described above as realleged in paragraph 98 of Plaintiff's Original Complaint.

99. Defendant denies the allegations in paragraph 99 of Plaintiff's Original Complaint.

100. Defendant denies the allegations in paragraph 100 of Plaintiff's Original Complaint.

101. Defendant denies the allegations in paragraph 101 of Plaintiff's Original Complaint.

102. Defendant denies the allegations in paragraph 102 of Plaintiff's Original Complaint.

**COUNT TWO:**
**(Violations of the Texas Business & Commerce Code § 305.053)**
**(All Defendants)**

103. Defendant accordingly admits and denies each allegation as described above as realleged in paragraph 103 of Plaintiff's Original Complaint.

104. Defendant denies the allegations in paragraph 104 of Plaintiff's Original Complaint.

105. Defendant denies the allegations in paragraph 105 of Plaintiff's Original Complaint.

106. Defendant denies the allegations in paragraph 106 of Plaintiff's Original Complaint.

**COUNT THREE:**
**(Violations of Texas Business & Commerce Code § 302.101)**
**Failure to Obtain a Telephone Solicitation Registration Certificate**
**(All Defendants)**

107. Defendant accordingly admits and denies each allegation as described above as realleged in paragraph 107 of Plaintiff's Original Complaint.

108. Defendant denies the allegations in paragraph 128 of Plaintiff's Original Complaint.

109. Defendant denies the allegations in paragraph 129 of Plaintiff's Original Complaint.

110. Defendant denies the allegations in paragraph 130 of Plaintiff's Original Complaint.

AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts separately the following affirmative defenses to Guadian's claims under Rule 8(c) of the Federal Rules of Civil Procedure:

111. Defendant asserts that Guadian failed to state a claim against Defendants upon which relief can be granted with respect to some or all of the claims in the Complaint.

112. Defendant asserts that Plaintiff provided prior express consent to receive the alleged phone calls, and messages at issue in this case.

113. Defendants assert that Guadian's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the acts, omissions, or other conduct by or on behalf of Guadian, for which his responsibility should be determined by the trier of fact.

114. Defendants assert that Guadian's alleged injuries and damages, if any, were the result of conditions not caused, in whole or in part, by any wrongful act or omission by or on behalf of Defendants.

115. Defendants assert that Guadian's alleged injuries and damages, if any, are barred, in whole or in part, because Guadian failed to mitigate any such injuries and damages or has failed to exercise due diligence in an effort to mitigate any such injuries or damages.

116. Defendants assert that Guadian's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, and the doctrine of unclean hands.

117. Defendants assert that Guadian's claims are barred, in whole or in part, because any recovery by Guadian would constitute unjust enrichment.

118. Defendants assert that all conditions precedent to Guadian's alleged recovery have not occurred or have not been satisfied, waived, or excused.

119. Defendants assert that Guadian is not entitled, as a matter of law, to recover attorneys' fees, exemplary damages, or other equitable relief as pleaded in the Complaint.

120. Defendants reserve the right under Rule 15(a) of the Federal Rules of Civil Procedure to timely amend its answer to allege more affirmative and other defendants as additional information is obtained through discovery.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Upside Legal, LLC respectfully requests the Court render judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

*/s/ Mark J. Courtois*
MARK J. COURTOIS
Texas Bar No. 04897650
Email: mjcourtois@ffllp.com
Direct: 713-620-7226

FUNDERBURK FUNDERBURK COURTOIS, LLP
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
(713) 526-1801
(713) 526-2708 - FAX

Attorneys for Defendant
Upside Legal, LLC

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Manuel Guadian
Plaintiff, Pro Se
3805 Tierra Fiji Ln
El Paso, Texas 79938
Via Email: maguadianjr@gmail.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

*/s/ Mark J. Courtois*
MARK J. COURTOIS